Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Sherry Fangio,** | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **LP Investments, Ltd.; Leading Edge Recovery Solutions, LLC; Ron Kepes, d.b.a. Generation Funding, LLC; and Law Offices of Mitchell N. Kay, P.C.;** | (Jury Trial Demanded) |
| Defendants. | |

**I.   Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory

1 damages, actual damages, costs and attorney's fees.

## II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person

who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.   JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### IV.   PARTIES

9. Plaintiff is a citizen of Maricopa County, Arizona.

10. Plaintiff was allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA § 1692a(3).

11. Defendant LP Investments, Ltd. ("LP Investments") is a foreign company doing business within the State of

Arizona.

12. LP Investments collects or attempts to collect debts owed or asserted to be owed or due another.

13. In the alternative, LP Investments collects or attempts to collect debts it has purchased after default.

14. LP Investments is a "debt collector" as that term is defined by FDCPA § 1692a(6).

15. Leading Edge Recovery Solutions, LLC ("Leading Edge") is an Illinois limited liability company doing business within the state of Arizona.

16. Leading Edge is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0907032.

17. Leading Edge collects or attempts to collect debts owed or asserted to be owed or due another.

18. In the alternative, Leading Edge collects or attempts to collect debts it has purchased after default.

19. Leading Edge is a "debt collector" as that term is defined by FDCPA § 1692a(6).

20. Ron Kepes, d.b.a. Generation Funding, LLC (hereinafter "Generation Funding"), conducts business within the state of Arizona.

21. Generation Funding collects or attempts to collect

debts owed or asserted to be owed or due another.
22. In the alternative, Generation Funding collects or attempts to collect debts it has purchased after default.
23. Generation Funding is a "debt collector" as that term is defined by FDCPA § 1692a(6).
24. Law Offices of Mitchell N. Kay, P.C. ("Mitchell Kay") is a law firm with its principal place of business located at Seven Penn Plaza, New York, NY 10001.
25. Kay does business collecting debts within the state of Arizona.
26. Kay regularly collects or attempts to collect debts owed or asserted to be owed or due another.
27. In the alternative, Kay collects or attempts to collect debts it has purchased after default.
28. Kay is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## V. Factual Allegations

29. In or about January 1994, Plaintiff opened a credit card account with First USA Bank and made charges for personal, family and household purposes.
30. In or about June 2002 Plaintiff defaulted on the First USA credit card account.
31. In June 2008, First USA assigned or sold the account

to Generation Funding.

32. In October 2008, Generation Funding filed suit against Plaintiff in an attempt to collect the First USA debt.

33. In December 2008, Generation Funding's lawsuit was subsequently dismissed with prejudice.

34. At that time, Plaintiff and Generation Funding entered into a Settlement Agreement and Mutual Release of all Claims whereby Generation Funding released Plaintiff from any and all liability as to the First USA debt.

35. Generation Funding also agreed that it would not assign or transfer the First USA account to any other person or entity.

36. Upon information and belief, in or about April 2009, Generation Funding sold or otherwise assigned the First USA debt to defendant LP investments.

37. Upon information and belief, at the time Generation Funding assigned or sold the First USA Bank account to LP Investments, it did not notify LP Investments that the Plaintiff disputed the First USA debt or that the account had been settled in full with Plaintiff in or about December 2008.

38. Shortly thereafter, LP Investments assigned the account to Defendant Leading Edge for collection

1  purposes.
2  39. Upon information and belief, at the time LP
3  Investments assigned the account to Leading Edge, it
4  did not notify Leading Edge that Plaintiff disputed
5  the First USA debt.
6  40. On or about April 27, 2009, Leading Edge mailed a
7  letter to Plaintiff concerning the collection of the
8  First USA account. (A copy of the April 27, 2009
9  letter is attached here as Exhibit A).
10 41. In Exhibit A, Leading Edge states that the balance
11 owed on the account is $17,874.08.
12 42. In Exhibit A, Leading Edge fails to state that the
13 amount of the debt might vary from day to day
14 because of, for example, interest, late charges, or
15 other charges.
16 43. In Exhibit A, Leading Edge fails to notify Plaintiff
17 of her right to obtain an up to date amount of the
18 debt allegedly due.
19 44. The case of Miller v. McCalla et al., 241 F.3d 872
20 (7th Cir. 2000), sets forth "The debt collectors
21 duty to state the amount of the debt in cases like
22 this where the amount varies from day to day." *Id.*
23 at 876.
24 45. Leading Edge failed to comply with that duty.
25 46. Upon receipt of Exhibit A, Plaintiff sent a letter

-7-

1     to Leading Edge disputing the debt and explaining
2     that she had previously settled the debt in full.
3 47. Upon information and belief, Leading Edge received
4     Plaintiff's letter in or about May 2009.
5 48. Upon information and belief, Leading Edge returned
6     the account to LP Investments and notified LP
7     Investments of Plaintiff's dispute and that the
8     account had been settled.
9 49. In the alternative upon information and belief,
10     Leading Edge returned the account to LP Investments
11     and failed to notify LP Investments that Plaintiff
12     disputed the account and that the account had been
13     settled in full.
14 50. After receiving the account back from Leading Edge,
15     LP investments assigned the account to Mitchell Kay
16     for collection purposes.
17 51. On or about September 9, 2009, Michel Kay mailed or
18     caused to be mailed a collection letter to Plaintiff
19     concerning the First USA debt. (A copy of the
20     September 9, 2009 letter is attached hereto as
21     Exhibit B).
22 52. In Exhibit B, Mitchell Kay states that the balance
23     owed is $17,986.18.
24 53. In Exhibit B, Mitchell Kay further states that the
25     creditor is LP Investments Ltd First USA.

54. Exhibit B was the first letter and initial communication from Mitchell Kay to Plaintiff concerning the First USA Debt.
55. In Exhibit B, Mitchell Kay fails to state that the amount of the debt might vary from day to day because of, for example, interest, late charges, or other charges.
56. In Exhibit B, Mitchell Kay fails to notify Plaintiff of his right to obtain an exact, up to date amount of the debt allegedly due.
57. The case of <u>Miller v. McCalla et al.</u>, 241 F.3d 872 (7th Cir. 2000), sets forth "The debt collectors duty to state the amount of the debt in cases like this where the amount varies from day to day" *Id.* at 876.
58. Mitchell Kay did not comply with that duty.
59. As a result and proximate cause of Defendants' actions as alleged herein, Plaintiff has suffered actual damages.
60. Defendants' actions taken here were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of their persistent and routine practice of debt collection.
61. In the alternative, Defendants' actions were negligent.

## VI. Causes of Action

### a. Fair Debt Collection Practices Act

62. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

63. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, and 1692e(2)(A), 1692e(3), 1692e(8), 1692e(10), 1692f(1), and 1692g.

64. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Statutory damages of $1,000 for each defendant pursuant to FDCPA § 1692k;

b) Actual damages for the FDCPA violations in an amount to be determined at trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

/ / /

/ / /

1  d)   Such other relief as may be just and proper.

3       DATED   September 21, 2009   .

5                              s/ Floyd W. Bybee
                               Floyd W. Bybee, #012651
6                              **BYBEE LAW CENTER, PLC**
                               4445 E. Holmes Avenue
7                              Suite 107
                               Mesa, AZ 85206-3398
8                              Office: (480) 756-8822
                               Fax: (480) 302-4186
9                              floyd@bybeelaw.com

10                             Attorney for Plaintiff